**RECEIVED**

MAY 0 2 2019

**BY MAIL**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### _____ DIVISION

)
)
)
*(Write the full name of the plaintiff in this action.* )
*Include prisoner registration number.)* )

v.   Shawon Jones #1254397

)
)
)

See Attachment(s)

)
)
)
)
)
)
)
*(Write the full name of each defendant. The caption* )
*must include the names of all of the parties.* )
*Fed. R. Civ. P. 10(a). Merely listing one party and* )
*writing "et al." is insufficient. Attach additional* )
*sheets if necessary.)* )

Case No: _____
*(to be assigned by Clerk of District Court)*

Plaintiff Requests Trial by Jury
☒ Yes ☐ No

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the $400.00 filing fee or an application to proceed without prepayment of fees and costs.*

Defendants:

Travis Crews - P.C.C. Warden (Assistant)

Jennifer Price - (F.U.M.) Function unit manager

John Doe - major hunter - (Potosi correction center)

John Doe - Captain Menteer (Captain supervisor I - CSI)

Jeffery Turner - (CSI)

Tracy Price - COII, Lt.

John Parson - COII, SGt.

Christine Mezo - COII, SGt.

Christine Henson - COII, SGt.

John Layton Riley - COII, SGt., CERT member

Kyle Renshaw - COII, SGt., CERT member

John Doe - Skaggs - COII, SGt.

Charles Conrad - COI, CERT member

Steven Brook - COI, CERT member

Jeremiah Kitchell - COI, CERT member

John Doe - Demeant - COI, CERT member

John Doe - Mesberg - COI, CERT member

John Doe - Bertlesmeyer - COI, CERT member

Amber Rayfield - Davis - COI

Timothy Poole - COI

Jeffery Jones - (CCM) CaseManager

Tracy Dunn - Nurse

Robin Billin - Nurse

Daly Smith - (DON) Director of nursing

In what capacity are you suing the defendants?

☐ official capacity  ☐ individual capacity  ☒ both

NOTE:

All defendants addresse(s) will be listed after the discovery; At
which time the complaints will be amended

## I.    The Parties to this Complaint

### A.    The Plaintiff

Name: Shauon Jones

Other names you have used: _____

Prisoner Registration Number: 1254397

Current Institution: potosi Correctional Center

Indicate your prisoner status:

☐ Pretrial detainee          ☒ Convicted and sentenced state prisoner

☐ Civilly committed detainee   ☐ Convicted and sentenced federal prisoner

☐ Immigration detainee        ☐ Other (explain): _____

### B.    The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

### Defendant 1

Name: TRAVIS CREWS

Job or Title: Warden - Assistant

Badge/Shield Number: N/A

Employer: Missouri Department of Corrections

Address: N/A

☒ Individual Capacity          ☒ Official Capacity

2

Defendant 2

Name: _Jennifer Price_____

Job or Title: _F.U.M. - Function unit Manager_____

Badge/Shield Number: _107276_____

Employer: _Missouri Department of Corrections_____

Address: _____N/A_____

__[X]__ Individual Capacity        __[X]__ Official Capacity

## II. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s). For every defendant you have named in this complaint, you must state what he or she personally did to harm you. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1.    What happened to you?
2.    When did it happen?
3.    Where did it happen?
4.    What injuries did you suffer?
5.    What did each defendant personally do, or fail to do, to harm you?

See Attachment(s)

3

## III.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. My mouth was busted and lips were twice their regular size, nose was busted and bleeding, a laceration in which left ear was anatomically dismembered, cut to left side of face between ear and jaw line, and busted gums. These were the physical injuries that occured on the two mentioned incidents, I never received medication for pain. Also suffered emotional and psychological harm due to the conditions of the Special security [4] (SSO'S) orders within themselves.

Statement of claims:

On March 12th 2018, I was assigned to P.C.C.'s TCU wing in cell #5, were I was on full suicide watch, wearing a smock and under camara surveillance. Roughly around noon P.C.C. had assembeled a cell extraction (C.E.R.T.) response team and approached my cell. Once at the cell (TCU #5) door I was never given any directive nor did I resist in any type of form. As I said backed up in a corner, due to being cold the cell door was unlocked and COII, cert member Kylie Renshaw grabbed me off the floor by my head causing me to be standing straight up and several of my dreadlocks to be ripped from my scalp. Then COII John Drayton Riley screamed "stop resisting" at the same time punching me in the mouth causing my gums and lips to bust and bleed. At which time I began to drop to one knee and lay on the cell floor. Following this COI, cert member Steven Brook placed his knee that was protected and covered with hard plastic on the area between my left ear and temple. He moved his knee in a vigorous manner causing skin to break and blood to come from that area. I was then escorted to housing unit 2-B cell #6 that wasn't a suicide cell. Once inside cell #6 I asked COI Charles Conrad what was all this about and he stated "it was a target hit designed the warden due to numerous offenders/inmates declaring suicidal over the previous few days and he was called in on his day off and was told to assembel a cert team and place me and five other inmates/offenders in 2B." Afterwards my smock was taken, I was striped, searched, left with nothing and was still on "full suicidal watch", but 2-B #6 isn't a suicide cell. So why was I removed from a suicide cell to a non-suicide cell. When the cert team left the cell #6 I asked to speak with medical. Approximately half hour later (nurse) Tracy Dunn approached my cell #6 and asked me "what was going on" and I told her my mouth was bleeding and turned my head to the right to show her the left side of my face that was bleeding. at this time she stated "I wasn't

Going to die" and walked away. I was left naked with no clothing due to being still on suicide watch, but was to at least have a smock, but was never reissued another one after the cert team took the one I had.

On March 13th (Tuesday) 2019, Caroline pope (Chief of mental health) approached my cell (2-B#6) and spoke briefly with me and advised me "she would be taken me off suicide watch." I in return told her "that I was butt naked, didn't have any working water in my cell, and needed medical attention" due to being assaulted yesterday by the cert team. She advised me she would look into it, but to "no avail" never did. As CoII, Sgt. Christine henson was conducting her daily rounds I spoke with her about the same "issues" I spoke with Caroline pope about earlier. However she told me I was "off" suicide watch, but wouldn't be receiving any property due to the incident yesterday and that she was waiting on a copy of my special (S.S.O.) security orders per the F.U.M.) and warden. Around 12:15 pm. I engaged in activating my sprinkler head located inside my cell #6 due to having dried caked up blood on my body, an open wound or sore from the cert team and also my cell being filthy. My sole purpose in doing this was to clear myself so I wouldn't get an infection due to been denied medical treatment.

On March 14th (Wednesday) 2018, The special (S.S.O.) security orders were issued stating the following, when ever offender is being feed, giving meds or being escorted their must be two correctional officers present, when offender is being escorted from cell must wear hinge-hand cuffs, ankle-cuffs, elbow-cuffs and tether (dog leash), no property except paper smock, brown bag meals ((2) sandwichs (1) cake or cookie) and offender must go to back of cell facing with back towards door to allow correctional officer(s) to throw food in cell.

Between the dates of March 12th (Monday) 2018- March 15th (Thursday) 2018 I was without water in cell and also was without any clothing.

On April 10th (Tuesday) 2018, nearly thirty days on special S.S.O Security orders COI. Amber Rayfield-Davis gave or issued me for the first time a toothbrush and toothpaste that she said was per the (F.U.M.) Jennifer Price. Only had now was pair of boxers and above mentioned items in my cell and possession.

On April 13th (Friday) 2018, I declared suicide due to the homegoing or passing of three close relative and also the added pressure of my visiting being denied per. COIII, cpt. Mercier per. ~~COT~~ COI. Amber Rayfield-Davis, Following this incident a cert ~~team~~ team was assembled to extract me from my cell. The (cert team) consisted of correctional officers COI. Jeremiah Kitchell, COI. Demeant, COI. Beetlesmeyer, COI. Mesberg and John Doe who I can't recall. Once the cert team approached my cell 2-0 #6 COII, Sgt. A Skaggs who was to oversee the cert team stated to me to "submit to restraints". At which time I told her I would, then she told me to lay on my stomach with my arms and legs stretched outwards, hearing this I refused due to the last incident I had with a cert team. At that time COII, Sgt. A. Skaggs waved her arm to signal for my cell door to be rolled/open. After that my door was opened approximately one-third of the way and I tried to run out the cell but was repeatly punched in the head and facial area by COI, cert member Jeremiah Kitchell who was number one on the cert team. Once the cell door was completely open I was trampled with force and was stuck in a corner of the cell between the toilet and bunk. At least four of the cert members began to engage in physically battering me, punching me repeatly and numerous times in my facial and chest area. I tried to put my hands/forearm up in front of me to block the attack, but to no avail did it help. At this point I scrambled around the cell and layed flat on the cell floor with my stomach touching the ground. After this the cert team continued their assault, but this time it became more savagely and even more brutal solely because I couldn't protect or prevent the fist, knees and feet of the cert team from beating, kicking and stomping me brutally. After the cert team committed their assault I was then placed in

handcuffs, and anklecuffs and escorted out of my cell (#2B-6). During the entire incident I never fought the cert team, but merely was trying to protect myself from their vicious blows and the never once asked or stated that I was resisting. I was escorted out of my cell with coi's, cert members Mesberg and Beatlesmeyer positioned on my left and right side holding me by my arms and holding me up and helping me walk due to beating I received. I was escorted by the above mentioned correctional officers, followed by the other three members of the cert team and coi. Stongeer was responsible for recording the entire incident on the pcc's 2 house hand held use of force camara. After the assault I was examined by RN, Daly Smith inside housing unit 2 medical room, upon observation (Smith) stated "Due to enormous amount of blood coming from my head and facial area I needed to be escorted to medical for further examination". The cert team then proceeded to escort me out of housing unit 2 to medical when coi, sgt. A. Skaggs came out of the bobble and told the cert team "no don't take him (plaintiff) to medical put him back in his cell", their was a short argument between coi, sgt. A. Skaggs and one of the cert members about should they follow her orders or the orders of RN, Daly Smith. This was ultimately ended when a cert member got on his walkie-talkie and advised they were escorting one to medical. Once in medical I was examined by nurses Robin Billie, Connie Barton, two other nurses I don't know, (Np) Jamiee Vester (O.D.N.-RN) Daly Smith. I was placed in a chair and some type of medical solution was poured downward on my head and facial area to clean away the blood. Futher examination produced that my mouth was busted and bleeding, had a cut across the face, nose was busted and bleeding and my left ear was anatomically dismembered due to laceration. my nasal area was examined and cleaned with a-tip, and my left ear was glued back on and later examined with medical instrument. During this incident the use of force camara was turned off and later activated when I was been escorted back to my cell #2B6. There were no more incidents on this day.

**Inadequate living conditions:**

Cell 2B#6 was completely filthy, the concrete slab where plaintiff would use as bed, had layers of what appeared to be dirt, the floor was completely filthy, covered with dirt, toe or fingernails and balls of hair. The toilet and sink-faucet area was caked with some kind of dirt, urine and feces were stuck inside the toilet bowl. From 3-12-18 to 3-13-18 cell had no running water, but was turned on midday of 3-15-18.

**Inadequate medical care:**

On march 12th, 2018, (nurse) tracy dunn addressed plaintiff injuries through cell door window were plaintiff showed her his injuries At which time she stated "I wasn't going to die" and walked away from cell.

On april 5th 2018, after being assaulted with a chemical agent by c.o., sgt. C. Mero. (nurse) Robin billin assessed plaintiff, plaintiff complained about chest pain due to having Chronic lung disease but (nurse) billin stated "there was nothing else she could do".

On 4-13-18 after being assaulted by the (cert team)(D.O.N) Doug smith, (nurse(s)) Robin billin and connie jones as well (r.p) jamiee vester refused to give me any type of pain medication for the injuries I sustained. plaintiff was never allowed further examination by nurses or to be pulled out for nurse sick call per directives from (Fun) j. price, cpt. meerteer and cpt. turner.

**Inadequate Food:**

On march 12th 2018, plaintiff was placed on special (SSO) security orders, brown bag diet. which consisted of (2) peanut butter and jelly sandwiches and (1) cupcake or pack of cookies, no juice or water. until the april 18th 2018 per. sso's issued by (CSI) j. turner, (Fun) j. price, cpt. meerteer and the warden.

**Inadequate Clothing:**

plaintiff was left naked between 3-12-18 and 3-15-18, from a month only had (1) pair of boxers. however on april 18th 2018, was given t-shirt and socks but was after taken by cpt. meerteer orders through a cert team.

**Inadequate Furnishing:**

On march 13th 2018, plaintiff had no mattress, no sheets, no security mattress or blanket. No furnishing at all. The air condition was higher than normal in the "winter" time, the plaintiff and all other sso offender aaron Bradford, october smith, Karl lindeman, and marvin Love were freezing cold and forced to sleep on concrete, upon these harsh conditions per. (F.U.M) j. price, cpt. meerteer, major. Hunter, and CSI j. Turner.

NOTE: The temperatures are cold in winter. So offenders in Administrative Segration in housing unit 2 are issued (1) extra sheet, blanket. Due to the season.

INADEQUATE ACCESS to LAW LIBRARY:

From march 13th 2018 - April 18th 2018, All plaintiffs legal materials, were with held. i.e. pens, paper, writing tablet, stamps, envelopes, case information, All written documents and notes. The Assigned case manager of the sso process was f.jones, whom denied plaintiff of all the above mentioned legal material listed. caseworker jones informed plaintiff that: (Sum) f.price, cpt.menteer, cpt. Turner, would'nt allow him to give plaintiff his legal materials. All of which forced plaintiff to File Internal (IRR) resolve resolution late, pertaing to sso(s).

INADEQUATE MAILING:

plaintiff mail was withheld from him between march 13th 2018 And April 18th 2018, And was held in housing unit 2 control center for over a month, placing it in his file. April 18th 2018, plaintiff was issued mail that was dated between the above mentioned dates and as far back as march 11th 2018. Leaving plaintiff family highly concerned due to lack of correspondence, in which is abnormal for plaintiff due to having constant communication with family.

INADEQUATE VISITING:

As a result of special security orders placed on plaintiff by (f.u.m.) f.price, major Hunter, CSI, f.Turner, and cpt.menteer, a denial of plaintiffs visits by his family occured twice. When plaintiff received his first visition back roughly around the first week of june plaintiffs mother informed him that she spoke with (Sum) f.price via phone call and was told that plaintiff was on sso's for destruction of state property. (See exhibit  )

EXCESSIVE FORCE:

On march 12th 2018, an CERT team with COI's, cert members Steven Brook, McCarthy, Kyle Renshaw and two other members was overseer by COI charles conrad and COII, SGt. john parsons. plaintiff was punched, kicked and had hair pulled from scalp by cert members while in pccis jcu cell #5 on full suicide watch.

On April 5th 2018 was assaulted by COII, SGt, C.Mezo with chemical agent and a cert team responded to plaintiff's cell 2B#6. At which time plaintiff layed on the floor to allow restraints to applied. After handcuff restraints were applied cert members drug plaintiff out of cell by his feet before snatching him up and making plaintiff walk.

On April 13th 2018, A cert team was deployed on plaintiff cell, COI's, cert members f.kitchell, nesberg, Booteegnayee, demeant and one other officer. plaintiff was punched, kicked, stomped etc. and assaulted. in plaintiff nose and mouth being busted, left ear was hanging off,

and other facial swelling.

Inadequate Informal (IRR) resolution request/grievances:

In mid may 2018 plaintiff tried to file several IRR's about the conditions of confinment within the SSO's, to no avail did (CCM) J. Jones submit these IRR's. Tried again in August and again (CCM) J. Jones choose to file two different IRR's for plaintiff but would not process the IRR's on excessive force nor on the conditions at the special security orders.

On September 7th 2018, after being assigned a new casemanager (CCM) J. Eddenan was I finally able to file the approaite IRR's but were late fileing due to the lack of (CCM) J. Jones.

Denial of rights to practice religion:

During the entire SSO march 13th 2018 - April 18th 2018, plaintiff couldn't make Salat five (5) times a day in accordance to his religious practice, due to plaintiff not being able to clear himself before prayer. Also plaintiff korean was withheld and couldn't pertake in religious diet, certified (CRD) religious diet and replaced it with brown bag. However when plaintiff was given/issued soaps and towels they were often taken without notice so plaintiff was often forced to pray in filth.

ADDITIONAL CLAIMS:

Defendant(s): TRAVIS CREWS-P.C.C. WARDEN (ASSISTANT), JENNIFER PRICE- FUNCTION UNIT MANAGER (FUM), JOHN DOE-MAJOR HUNTER-(POTOSI CORRECTIONAL CENTER), JOHN DOE- CAPTAIN MENTEER (CAPTAIN SUPERVISOR I-CSI), JEFFERY TURNER, AND TRACY PRICE-COII. Lt. ALL KNOWINGLY ABUSED (MODOC) POLICY IN REGARDS TOWARDS VIOLATING PLAINTIFFS PROCEDURAL DUE PROCESS AS WELL AS U.S. CONSTITUTIONAL RIGHTS, AND CAUSED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

This was done by DEFENDANT(S) PLACING PLAINTIFF ON SPECIAL (SSO'S) SECURITY ORDERS WITHOUT THEIR BEING A HEARING OR NOTICE. PER JENNIFER PRICE- FUNCTION UNIT MANAGER (FUM) PLAINTIFF WAS PLACED ON SSO'S SOLELY BECAUSE OF; SEE ATTACHMENT PCC19-00571).

The SECURITY ORDERS WITHIN THEMSELVES CAUSED EMOTIONAL DISTRESS DUE TO THE ATYPICAL HARDSHIP. FOR THE FIRST THREE (3) DAYS I WAS COMPLETELY NAKED IN A CELL WITH NO CLOTHING OR FURNISHING, THE FIRST THIRTY (30) DAYS DID'NT HAVE BASIC HYGEINE ITEMS; (TOOTHPASTE, TOOTHBRUSH, SOAP, ETC), WAS'NT ALLOWED TO SHOWER, WAS FORCED TO ALLOW CORRECTIONAL OFFICER'S TO THROW FOOD INSIDE CELL WHICH WAS INHUMANE AND WAS DENIED MEDICAL ON SEVERAL OCCASIONS. THROUGHOUT THIS ENTIRE ORDEAL THE ABOVE MENTIONED DEFENDANTS WOULD MEET WEEKLY TO DISCUSS SSO'S AND WERE AWARE OF PLAINTIFFS CONDITIONS OF CONFINEMENT, BUT DID NOTHING TO CHANGE OR ALTER CONDITIONS.

Defendant(s): JOHN PARSON-COII, SGT., JOHN LAYTON RILEY- COII, SGT, CERT MEMBER, KYLE KERSHAW- COII, SGT., CERT MEMBER, CHARLES CORRELL-COII, CERT MEMBER AND STEVEN BROOK- COII, CERT MEMBER. ALL KNOWINGLY CAUSED HARM, FAILED TO PROTECT OR FAILED TO REPORT MISCONDUCT. (SEE CAMERA INSIDE TCU #5)

On MARCH 12th 2018, ABOVE MENTIONED DEFENDANTS WERE PART OF A CERT TEAM that PHYSICALLY ASSAULTED AND BATTERIED PLAINTIFF. COII, CERT MEMBERS KYLIE KERSHAW AND JOHN LAYTON RILEY PARTOOK IN ASSAULTING PLAINTIFF. KYLIE KERSHAW GRABBED PLAINTIFF by the head WHILE PLAINTIFF LAID ON FLOOR, LIFTING PLAINTIFF TO his FEET CAUSING SEVERAL DREADLOCKS TO BE FORCIBILY PULLED FROM THE PLAINTIFFS SCALP. JOHN LAYTON RILEY STATED TO PLAINTIFF "TO STOP RESISTING" WHEN PLAINTIFF

2.

wasn't resisting. At the same time punching plaintiff in the mouth causing my gums and lips to bust and bleed. Steven Braun COI, CERT member placed his knee that was protected and covered with hard plastic (football style knee pad) on the area between plaintiffs left ear and temple. Moving his knee in a vigorous manner causing skin to break and blood to come from that area. John parson COI, SGT. was overseeing the CERT team and did nothing to prevent the attack of the CERT members, nor did he report their misconduct and plaintiff alleges he is at fault due to failure to protect. Charles conrad COI, CERT member stated "it was a target hit designed by the warden due to numerous inmates declaring suicidal watch over the previous and was called in on his day off and was told to assemble a CERT team and place plaintiff and five other inmates in 2-B. Due to this statement alone put aboved mentioned correctional officer in violation of failure to report and due to not intervening in the assault also failed to report.

COII's, SGT. christine mezo and christine henson both failed to protect and failed to report misconduct or knowingly caused harm to plaintiff.

On April 5th 2018, christine mezo COII, SGT. was advised by superior tracy price COIII, Lt. to strip plaintiff of all property expect boxer shorts, even though plaintiff did nothing to provoke or have property taken. Above mentioned correctional officer had "fathom mase" in hand and advised plaintiff "to cuff up and allow officers to remove all property expect (1) pair of boxer shorts or she would use "fathom mase". At which time plaintiff told C.mezo COII, SGT. "that he didn't do anything". Defendant then stated "it was ordered per COIII, Lt. T. price". Plaintiff refused and defendant engaged in assaulting plaintiff with a chemical agent and later a CERT team was called and extracted plaintiff from cell. (SEE USE OF FORCE CAMARA).

Between at least one-third of the time while plaintiff was on SSO's COII, SGT. C. henson was the SGT. assigned to housing unit 2 were plaintiff was housed. Plaintiff made multiple complaints to defendant about the

conditions of confinment, the treatment plaintiff was receiving as well as numerous prea complaints. The most vividly event (prea) was when plaintiff's cell was ransacked by a cert team per cpt.mcenteer and plaintiff was forced to strip in front of lindsey coffman coI, who was holding the use of force camara. prea complaints were made to defendant, but went unanswered.(SEE camaras located at pcc, 2-B).

Defendant(s) Timothy poole-coI, john doe-skaggs-coII, sgt., and coI: cert members jeremiah kitchell, john doe-clement, john doe-mesberg and john doe-bertlesmeyer. ALL knownly violated plaintiff's u.s. constitutional rights, caused harm and failed to report misconduct and protect.

On April 13th 2018, a cert team was deployed and was overseen by john doe-skaggs-coII sgt. who failed to protect plaintiff from being savagely beaten by cert members nor did defendant report the misconduct that occured.

Timothy poole-coI also failed to protect plaintiff or report the misconduct that occured. defendant was responsible for holding use of force camara that recorded entire event.

Correctional officers' cert members jeremiah kitchell, john doe-clement, john doe-mesberg, and john doe-bertelsmeyer. ALL knownly caused harm to plaintiff, failed to protect plaintiff from one anothers attacks and failed to report the misconduct of the incident. defendant(s) brutaly and savagely beat, kicked, stomped, punched and kneed plaintiff while plaintiff layed stomach down on cell floor. Resulting in multiply injuries; a laceration which left ear was anatomically dismemberded, lips and mouth busted and bleeding, nose was busted and bleeding and other facial swellings. jeremiah kitchell-coI cert member issued plaintiff cdv# pccIR-00882 to try to justify and cover up cert team actions.(SEE pccIR-00882)

Amber Rayfield-davis (defendant) fail to protect plaintiff and failed to report misconduct.

On April 27th 2018, defendant gave plaintiff a security toothbrush and security toothpaste, but was took by a cert team a couple days after receiving

14.

On April 3rd 2018, Defendant was aware that another female correctional officer was recording plaintiff and other inmates on SSO's but didn't report this incident.

On April 5th 2018, Defendant advised plaintiff that he was on a phase program and had made it to phase two, was fully aware of the ~~conditions the thing before~~ conditions of confinement but didn't report ~~conditions~~ plaintiff's living conditions.

On April 6th 2018, plaintiff and other inmates on SSO's were fed 500 calorie bags, COTT, Sgt. C. Mezo ordered us all the sandwich (PB&J) we were missing. Defendant told her "she should'nt have ordered the missing sandwichs because the shift commander wanted to see how we would react". Failure to ~~prohibit~~ report misconduct plotted by superior officer.

On April 13th 2018, plaintiff was assaulted by cert team in the presents of defendant. Defendant didn't report the misconduct nor tried to aid in stoping the assault.

Sometime while on SSO's Defendant told plaintiff she was going to get herself reassigned to another housing unit because Dendants superior officer (who were overseeing SSO's) were creating a hostile and unsafe environment due to the SSO's and how we were being treated. Also after the first thirty (30) days with no soap defendant would personally sneak and give plaintiff so due to defendant stating and claiming plaintiff smelled bad and stunk.

## IV.   Relief

State briefly and precisely what you want the Court to do for you.  Do not make legal arguments.
Do not cite any cases or statutes.  If you are requesting money damages, include the amounts of
any actual damages and/or punitive damages you are claiming.  Explain why you believe you are
entitled to recover those damages. WHEREFORE PLAINTIFF RESPECTFULLY PRAYS
that this COURT ENTER JUDGEMENT GRANTING PLAINTIFF A DECLARATION
that the ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFFS
RIGHTS UNDER THE U.S. CONSTITUTION AND LAWS OF THE UNITED
STATES. ALSO $2.500.000 ($2.5 million dollars) I BELIEVE I AM ENTITLED
to RECOVER SUCH MONETARY DAMAGES BECAUSE IT'S NOT ASKING FOR
too MUCH DUE to BEING TORTURED FOR PRACTICING MY U.S.
PROTECTED CONSTITUTIONAL RIGHTS, MY TORTURE WAS MENTAL AND
PHYSICAL.

## V.     Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action
shall be brought with respect to prison conditions under section 1983 of this title, or any other
Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed
if you have not exhausted your administrative remedies.

   A.     Did your claim(s) arise while you were confined in a jail, prison, or other
          correctional facility?

          [X] Yes          [ ] No

   If yes, name the jail, prison or other correctional facility where you were confined at the
time of the events giving rise to your claim(s):

   POTOSI CORRECTIONAL CENTER (POSOC)

   B.     Does the jail, prison or other correctional facility where your claim(s) arose have
          a grievance procedure?

          [X] Yes          [ ] No          [ ] Do not know

   C.     If yes, does the grievance procedure at the jail, prison or other correctional facility
          where your claim(s) arose cover some or all of your claims?

          [X] Yes          [ ] No          [ ] Do not know

If yes, which claim(s)? They've Responded in writer statement to my EXCESSIVE force claim. As well as my claim in Regards to my U.S. Constitutional Rights under the Amendments,

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes            ☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes            ☐ No

E.    If you did file a grievance: On 9-7-18 with CCM II; Jennifer eddleman

1.    Where did you file the grievance?

Potosi Correctional Center, 11593 State highway O, Mineral point, mo 63660

2.    What did you claim in your grievance? (*Attach a copy of your grievance, if available*) SEE Attachment(s)

3.    What was the result, if any? (*Attach a copy of any written response to your grievance, if available*) SEE Attachment(s)

6

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*) SEE   ATTACHMENT(S)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. SEE   ATTACHMENT(S)

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)

7

## VI.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A.    To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

☐ Yes          ☒ No

If yes, state which court dismissed your case and when it was dismissed. Attach a copy of the court's order, if possible.

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes          ☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

1.    Parties to the previous lawsuit

Plaintiff _____

Defendant(s) _____

2.    Court (*if federal court, name the district; if state court, name the state and county*)

3.    Docket or case number _____

4.    Name of Judge assigned to your case _____

8

5.     Approximate date of filing lawsuit _____

6.     Is the case still pending?

       ☐ Yes

       ☐ No (*If no, give the approximate date of disposition*):_____

7.     What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)



C.     Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

       ☐ Yes            ☒ No

D.     If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1.     Parties to the previous lawsuit

       Plaintiff_____

       Defendant(s) _____

2.     Court (*if federal court, name the district; if state court, name the state and county*)



3.     Docket or case number _____

4.     Name of Judge assigned to your case _____

5.     Approximate date of filing lawsuit _____

6.      Is the case still pending?

☐ Yes

☐ No (*If no, give the approximate date of disposition*):_____

7.      What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

## VII.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 29th day of _____April_____, 20 19 .

Signature of Plaintiff     _Shawon James_