**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT**

| | |
|---|---|
| SHAWON JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.   4:19-CV-1186 CDP |
| | ) |
| TRAVIS CREWS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff Shawon Jones's motion to amend his complaint. [Doc. #21] Also before the Court is defendants' motion to dismiss this action, or in the alternative, motion for more definite statement.[1] [Doc. #14] The Court will deny defendants' motion to dismiss without prejudice and will order plaintiff to file an amended complaint on a court form within twenty-one (21) days of this Memorandum and Order. Plaintiff's failure to do so will result in a dismissal of this action, without prejudice.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further

---

[1] This motion is brought by Defendants Jeremiah Kitchell, Jennifer Price, Richard Menteer, Jeff Turner and John-Riley Layton.

factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## Background

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at Potosi Correctional Center ("PCC"). He filed his original complaint on May 2, 2019. The original complaint numbered fifty-six (56) pages and named twenty-four (24) defendants in this action. On March 24, 2020, the Court reviewed plaintiff's complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915. In a thirty-four (34) page Memorandum and Order, the Court reviewed plaintiff's allegations of excessive force and unlawful conditions of confinement and issued process against five defendants in their individual capacities. [Doc. #9] The remaining claims and defendants were dismissed from this action. [Doc. #10]

On May 22, 2020, defendants Jeremiah Kitchell, Jennifer Price, Richard Menteer, Jeff Turner and John-Riley Layton filed through counsel a motion to dismiss plaintiff's complaint, or for more definite statement. In the motion to dismiss, defendants assert that plaintiff's complaint should be dismissed because he failed to file his Informal Resolution Request within fifteen (15) days of the date of the alleged event mentioned in his complaint.[2]

Plaintiff moved for appointment of counsel on June 25, 2020, and he filed a motion for extension of time to amend his complaint on July 1, 2020. Defendants filed an opposition to plaintiff's motion for appointment of counsel but did not oppose plaintiff's motion to amend his complaint. Plaintiff filed a motion to amend his complaint on July 16, 2020.

## The Amended Complaint

Plaintiff's amended complaint is handwritten and not on a court-provided form as required under the Local Rules of this Court. He also fails to properly allege the capacity under which he is suing defendants.

---

[2] This argument is not appropriate as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In his complaint, plaintiff alleges that he was locked in a suicide cell without access to paper from early March, when the alleged excessive force event occurred, through mid-April. Plaintiff further states in his complaint that he was denied access to stamps and paper by his Case Manager through the end of June, when he was on "special security assignment." He additionally alleges that he asked his Case Manager, J. Jones to file IRRs relating to the excessive force and conditions of confinement in mid-May, "to no avail." Plaintiff alleges that it was not until he was assigned a new Case Manager/Unit Manager almost "sixty days later" that his IRRs were filed. Thus, at the very least, the matter of whether plaintiff properly exhausted his administrative remedies is a matter for summary judgment under Fed.R.Civ.P. 56 as there is a factual dispute as to whether plaintiff was impeded from properly filing his IRRs, grievances and grievance appeals during his time in suicide watch, special security assignment, etc. As for the matter of whether plaintiff's original complaint properly complied with Fed.R.C.P. 8 and 10, the Court finds that a proper review was done under 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted. Rules 8 and 10 are properly considered under an in forma pauperis review.

However, the Court recognizes that plaintiff has attempted to comply with the Court's instructions for amending complaints by setting forth each defendant separately. Nonetheless, his amended complaint falls short of this Court's requirements.

Plaintiff must prepare the amended complaint using a Court-provided form and must follow Rule 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[3] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff is advised that he must allege facts that show how each defendant is causally linked to, and directly responsible for, violating his rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Additionally, there is no respondeat superior liability under 42 U.S.C. § 1983. Thus, it is unlikely

---

[3]The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

4

that defendants such as Director Precythe or certain Wardens at MDOC, can be held individually liable for § 1983 violations.

Plaintiff is also advised that, for an action to be allowed to proceed against a fictitious, or "Doe" defendant, the complaint must make sufficiently specific factual allegations to permit that defendant to be identified after reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Plaintiff shall have twenty-one (21) days from the date of this Order to file one third amended complaint.[4] Plaintiff is warned that the filing of the amended complaint completely replaces the original and all prior pleadings. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

## Motion for Appointment of Counsel

Finally, plaintiff has filed a motion for appointment of counsel. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a prima facie claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds, *Doe v. Cassel*, 403 F.3d 986, 989 (8th

---

[4]The Court will not accept multiple supplemental pleadings in one action.

Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claims. He has filed an articulate and readily understood pleading which indicates that he is capable of clear expression and appropriate organization of content. Further, the request for counsel is premature, as defendants have been served, but the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to plaintiff at this time, and will deny plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint [Doc. #21] is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ALLOW** plaintiff to amend his complaint with the attached complaint to Docket No. 21.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss [Doc. #14] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to amend his complaint [Doc. #18] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #17] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that that the Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $350 District Court filing fee is paid in full.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.  Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 1st day of September, 2020.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE