**RECEIVED**

OCT 0 2 2020

**BY MAIL**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
## DIVISION

)
)
)
*(Write the full name of the plaintiff in this action.* )
*Include prisoner registration number.)* )
ShAwOn JonES #1254397 )
v. )
JEnnIFEA PAXCE )
AXCHAAd MEA+EEA )
JEAEmXAh KA+CHEdd )
JEFF TUAnEA )
)
John-AXdEy dAy+on )
*(Write the full name of each defendant. The caption* )
*must include the names of **all** of the parties.* )
*Fed. R. Civ. P. 10(a). Merely listing one party and* )
*writing "et al." is insufficient. Attach additional* )
*sheets if necessary.)* )

Case No: ~~4:19-cv-0186-CDP~~
*(to be assigned by Clerk of District Court)*

Plaintiff Requests Trial by Jury
[X] Yes [ ] No

"AmEndEd CompdAXnt"

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the $400.00 filing fee or an application to proceed without prepayment of fees and costs.*

## I. The Parties to this Complaint

### A. The Plaintiff

Name: Shawon Jones

Other names you have used:

Prisoner Registration Number: 1254397

Current Institution: ERDCC
EASTERN RECEPTION DIAGNOSTIC CENTER
2727 Highway K
Bonne Terre, Mo 63628

Indicate your prisoner status:

| | Pretrial detainee | ☒ Convicted and sentenced state prisoner |

| | Civilly committed detainee | | Convicted and sentenced federal prisoner |

| | Immigration detainee | | Other (explain): |

### B. The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

**Defendant 1**

Name: JENNIFER PRICE

Job or Title: F.U.M.; Function Unit Manager

Badge/Shield Number: 107276

Employer: MDOC; Potosi Correctional Center

Address:

yes Individual Capacity          yes Official Capacity

2

Statement of Claims

Jennifer Price;

1) On 3-13-18 Plaintiff was placed on Special (SSO'S) Security Orders by Defendant Price.

2) The Special Security Orders within themselves were Atypical to Regular or everyday prison conditions.

3) They violated my Eight, First, Fifth, And Fourteenth Amendments under the U.S. Constitution.

4) Between 3-13-18 And 4-18-18 SSO'S deprived Plaintiff of inadequate living conditions, clothing, furnishing, mail, visitation, food, access to law library, access to courts And practicing of religion.

5) On 3-13-18 Plaintiff was only Allowed (1) Pair of Boxers. Then on 4-18-18 was given a t-shirt. However doing this time the Plaintiff wasn't given or offered a toothbrush, toothpaste or a shower. Also the cell was bare with nothing in it. Wasn't Allowed Access to the Courts or law library. Mainly Due to SSO'S Specifing that I couldn't be in possession of paper, writing utensils or Any such Articles. Lastly, wasn't Able to Practice Religion due to not having a holy Quran or not being Able to Groom before And After Prayers.

6) THE SPECIAL SECURITY ORDERS STARTED 3-13-18 AND DIDN'T END UNTIL 7-18-18. DUE TO THE CONDITIONS SURROUNDING THE SSO'S PLAINTIFF SUFFERED EMOTIONAL DISTRESS.

7) DEFENDANT PRICE INTENTIONALLY INFLICTED ATYPICAL CONDITIONS UPON PLAINTIFF. DEFENDANT PRICE PLACED AND SET FORTH SSO'S KNOWING THEY WERE INHUMANE. ALSO NEVER INTERVENED TO CHANGE SSO'S UNTIL NEARLY FORTY-DAYS AFTER THE INITIAL SSO'S.

8) PLAINTIFF JONES IS SUING DEFENDANT JENNIFER PRICE IN INDIVIDUAL CAPACITY FOR $100,000 FOR PUNITIVE DAMAGES AND COMPENSATORY DAMAGES.

JEREMIAH KITCHELL:

9) ON 4-13-18 PLAINTIFF WAS ASSAULTED BY DEFENDANT KITCHELL AND FOUR OTHER CORRECTIONAL OFFICERS.

10) THE ASSAULT OCCURED WHEN A FIVE MAN EXTRACTION TEAM SAVAGELY REMOVED PLAINTIFF FROM HIS CELL (2B*6).

11) DEFENDANT KITCHELL INITIAL ACTION UPON HALF WAY THROUGH THE CELL THRUSH HOLE, STARTED THROWING OVER HAND PUNCHES AND ATTACKED PLAINTIFF.

12) ONCE ALL FIVE CORRECTIONAL OFFICERS WERE INSIDE THE CELL THE ATTACK GOT WORSE BECAUSE ONCE THE PLAINTIFF WAS ON THE GROUND. THERE WERE PUNCHES, KICKS, KNEES AND STOMPING GOING ON.

13) DUE TO THIS BEATING THE PLAINTIFF

succumbed to several injuries. Plaintiff mouth was busted and lips were twice their regular size, nose was busted and bleeding, a laceration in which left ear was anatomically dismembered and facial swolder.

14) Defendant's actions were not applied "in a good faith effort to maintain or restore discipline", but instead were used to "maliciously and sadistically cause harm".

15) During the assault nothing the defendant did was reasonable, but rather "the unnecessary and wanton infliction of pain." Because defendant aided and assisted in savage beating Plaintiff endured nor did defendant attempt to stop the attack.

16) Plaintiff Jones is suing defendant Jeremiah Ketchead in individual capacity for $100,000 for punitive damages and compensatory damages.

Richard Menteer;

17) On 3-13-18 Plaintiff was placed on Special (SSO's) Security Orders by defendant Menteer.

18) The special security orders within themselves were atypical hardship to everyday or regular prison conditions.

19) They violated my first, fifth, eight and fourteenth amendments under the U.S. Constitution.

20) Between 3-13-18 and 4-18-18 SSO'S

deprived Plaintiff of inadequate clothing, furnishing, vistation, access to courts, access to law library, mail, living conditions and rights to practicing religion.

21) The Special Security Orders started 3-13-18 and didn't end until 7-18-18. Due to the conditions surrounding the SSO's Plaintiff suffered emotional distress.

22) On 3-13-18 Plaintiff was only allowed (1) pair of boxers. Then on 4-18-18 was given a t-shirt. However doing this time the Plaintiff wasn't given or offered a toothbrush, toothpaste, or a shower. Also the cell was bare with nothing in it. Wasn't allowed access to the courts or law library. Mainly due to the SSO's specifying that I couldn't be in possession of paper, writing utensils or any such articles. Lastly, wasn't able to practice religion due to not having a holy Quran or not being able to groom before and after prayers.

23) Plaintiff Jones is suing defendant Richard Menteer in individual capacity for $100,000 for compensatory damages and punitive damages.

John-Ridey Layton;
24) On 3-12-18 Plaintiff was assaulted by defendant Layton and four other correctional officers.
25) The assault occured when    a

MAR EXTRACTION TEAM MALICIOUSLY FORCED PLAINTIFF FROM A SUCIDE CELL (T.C.U.#5) AND PLACED PLAINTIFF IN CELL (2B*6), WHICH WASN'T A SUICIDE CELL.

26) THE FIRST OFFICER ASSAULTED PLAINTIFF IN VIEW OF DEFENDANT LAYTON, THEN DEFENDANT YELLED "STOP RESISTING" (WHICH PLAINTIFF WASN'T DOING) WHILE SIMULTEREOUSLY PUNCHING PLAINTIFF IN THE MOUTH. WHICH CAUSED PLAINTIFF LIPS AND GUMS TO BLEED.

27) DEFENDANT LAYTON ACTIONS WERE USED TO "MALICIOUSLY AND SADISTICALLY CAUSE HARM. RATHER THAN TO BE APPLIED "IN A GOOD FAITH EFFORT TO MAINTAIN OR RESTORE DISCIPLINE.

28) PLAINTIFF JONES IS SUING DEFENDANT JOHN-BRADEY LAYTON IN INDIVIDUAL CAPACITY FOR $100,000 FOR PUNITIVE DAMAGES AND COMPENSATORY DAMAGES.

JEFF TURNER:
29) ON 3-13-18 PLAINTIFF WAS PLACED ON SPECIAL (SSO'S) SECURITY ORDERS BY DEFENDANT TURNER.

30) BETWEEN 3-13-18 AND 4-18-18 SSO'S DEPRIVED PLAINTIFF OF INADEQUATE ACCESS TO COURTS, ACCESS TO LAW LIBRARY, MAIL, VISITATION, CLOTHING, FURNISHING, LIVING CONDITIONS, AND PRACTICE OF RELIGION.

31) ON 3-13-18 PLAINTIFF WAS ONLY ALLOWED (1) PAIR OF BOXERS. THEN

OR 4-18-18 WAS GIVEN A T-SHIRT. HOWEVER DOING THIS TIME THE PLAINTIFF WAS'NT GIVEN OR OFFERED A TOOTHBRUSH, TOOTHPASTE OR A SHOWER. ALSO THE CELL WAS BARE WITH NOTHING IN IT. WAS'NT ALLOWED ACCESS TO THE COURTS, OR LAW LIBRARY. MAINLY DUE TO SSO'S SPECIFING THAT PLAINTIFF BE IN POSSESSION OF PAPER, WRITING UTENSILS OR ANY SUCH ARTICLES. LASTLY, WAS'NT ABLE TO PRACTICE RELIGION DUE TO NOT HAVING A HOLY QURAN OR NOT BEING ABLE TO GROOM/ WASH BODY BEFORE AND AFTER PRAYERS.

32) DEFENDANT TURNER INTENTIONALLY INFLICTED ATYPICAL ~~HARDSHIP~~ CONDITIONS UPON PLAINTIFF. DEFENDANT TURNER PLACED AND SET FORTH SSO'S KNOWING THEY WERE INHUMANE. ALSO NEVER INTERVINED TO CHANGE SSO'S UNTIL NEARLY FORTY-DAYS AFTER THE INITIAL SSO'S.

33) THE SPECIAL SECURITY ORDERS STARTED 3-13-18 AND DID'NT END UNTIL 7-18-18. DUE TO THE CONDITIONS SURROUNDING THE SSO'S PLAINTIFF SUFFERED EMOTIONAL DISTRESS.

34) THEY VIOLATED MY FOURTEENTH, ~~EIGHTH~~ FIFTH AND FIRST

Amendments under the U.S. Cons-
titution.

35) The special security orders
within themselves were
atypical to regular or every-
day prison conditions.

36) Plaintiff Jones is
suing defendant C) Turner in
individual capacity for
$100,000 for punitive damages
and compensatory damages.

This court should grant leave
freely to amend a complaint.
Foman v. Davis, 371 u.s. 178, 182 (1962).

9-16-20
Respectfully submitted,
Shawon Jones* 1254397
E.R.D.C.C.
2727 Highway K
Bonne Terre, mo 63628

**Defendant 2**

Name: _JEREMIAH KITCHELL_

Job or Title: _COI: CORRECTIONAL OFFICER_

Badge/Shield Number: _____

Employer: _MDOC: POTOSI CORRECTIONAL CENTER_

Address: _____

_☒_ Individual Capacity          _☒_ Official Capacity

## II. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s). For every defendant you have named in this complaint, you must state what he or she personally did to harm you. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

SEE ATTACHMENTS:

INJURIES:

1) DEFENDANT JEREMIAH KITCHEN IS RESPONSIBLE FOR PLAINTIFF JONES HAVING A BUSTED MOUTH AND LIPS WERE TWICE THEIR REGULAR SIZE, NOSE WAS BUSTED AND BLEEDING, AND A DISCUSSION IN WHICH LEFT EAR WAS ANATOMICALLY DISMEMBERED AND FACIAL SWELLED.

2) DEFENDANT JOHN-RILEY LAYTON IS RESPONSIBLE FOR PLAINTIFF JONES HAVING A BUSTED MOUTH, LIPS AND GUMS DUE TO DEFENDANT PUNCHING PLAINTIFF IN THE MOUTH.

3) DEFENDANTS JENNIFER PRICE, JEFF TURNER AND RICHARD MENTSSA ARE RESPONSIBLE FOR PLAINTIFF JONES FIRST, EIGHTH AND FOURTEENTH AMENDMENTS UNDER THE U.S. CONSTITUTION BEING VIOLATED. DUE TO BEING ON SSO'S WHICH WERE INHUMANE. THESE SSO'S CAUSED PSYCHOLOGICAL HARM AND EMOTIONAL DISTRESS.

4) PLAINTIFF JONES RECEIVED MEDICAL TREATMENT FOR THE ASSAULT BROUGHT BY DEFENDANT KITCHEN, WAS CLEANED WITH MEDICAL SOLUTION TO CLEAN BLOOD OFF, LEFT EAR WAS GLUED BACK ON.

5) PLAINTIFF JONES DIDN'T RECEIVE ANY MEDICAL TREATMENT FOR THE ASSAULT THAT WAS INITIATED BY DEFENDANT LAYTON.

## III.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

SEE ATTACHMENTS:

RELIEF:

1) PLAINTIFF JONES RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGEMENT GRANTING PLAINTIFF, A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFFS RIGHTS UNDER THE U.S. CONSTITUTION AND LAWS OF THE UNITED STATES. ALSO $500,000 THAT PLAINTIFF BELIEVES ENTITLEMENT TO BECAUSE AND RIGHTS WERE DISREGARDED.

## IV.    Relief

State briefly and precisely what you want the Court to do for you.  Do not make legal arguments.
Do not cite any cases or statutes.  If you are requesting money damages, include the amounts of
any actual damages and/or punitive damages you are claiming.  Explain why you believe you are
entitled to recover those damages.

SEE  AttAChmEntS:

## V.    Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action
shall be brought with respect to prison conditions under section 1983 of this title, or any other
Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed
if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other
correctional facility?

X  Yes              ☐  No

If yes, name the jail, prison or other correctional facility where you were confined at the
time of the events giving rise to your claim(s):

MDOC: PotoSI  CORRECtIonAl   CENtER

B.    Does the jail, prison or other correctional facility where your claim(s) arose have
a grievance procedure?

X  Yes          ☐  No        ☐  Do not know

C.    If yes, does the grievance procedure at the jail, prison or other correctional facility
where your claim(s) arose cover some or all of your claims?

X  Yes          ☐  No        ☐  Do not know

5

If yes, which claim(s)? I'VE FILED MY GRIEVANCE ON CLAIMS REGARDING EXCESSIVE FORCE And UNLAWFUL Conditions of Confinement.

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes             ☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes             ☐ No

E.     If you did file a grievance: On 9-7-18 with CCMI: JENNIFER EDDLEMAN.

1.     Where did you file the grievance? POTOSI CORRECTIONAL CENTER 11593 STATE HIGHWAY O MINERAL POINT, MO 63660

2.     What did you claim in your grievance? (*Attach a copy of your grievance, if available*) SEE ATTACHMENT:

3.     What was the result, if any? (*Attach a copy of any written response to your grievance, if available*) SEE ATTACHMENT:

6

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*) I'VE FILED AN IRR, GRIEVANCE, AND GRIEVANCE APPEAL.

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*) SEE ATTACHMENTS:

## VI.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A.   To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

☐ Yes          ☒ No

If yes, state which court dismissed your case and when it was dismissed.  Attach a copy of the court's order, if possible.

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes          ☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

1.   Parties to the previous lawsuit

Plaintiff _____

Defendant(s) _____

2.   Court (*if federal court, name the district; if state court, name the state and county*)

3.   Docket or case number _____

4.   Name of Judge assigned to your case _____

8

5.      Approximate date of filing lawsuit _____

6.      Is the case still pending?

     |___ Yes

     |___ No (*If no, give the approximate date of disposition*): _____

7.      What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

C.      Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

     |___ Yes          ☒ No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1.      Parties to the previous lawsuit

     Plaintiff_____

     Defendant(s) _____

2.      Court (*if federal court, name the district; if state court, name the state and county*)

3.      Docket or case number _____

4.      Name of Judge assigned to your case _____

5.      Approximate date of filing lawsuit _____

9

6. Is the case still pending?

    ☐ Yes

    ☒ No (*If no, give the approximate date of disposition*): no lawsuxt

7. What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

## VII.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 16 day of SEPtembeR, 20 20.

Signature of Plaintiff     Sharon Jones

10

# INFORMAL RESOLUTION REQUEST

**OFFENDER NAME AND NUMBER:** Jones, Shawon 1254397

**IRR LOG NUMBER: PCC 18-1025**

**Category:** 7A

**HOUSING UNIT:** HU #2C 9

**NATURE OF COMPLAINT:**
You complain of an inappropriate used of force perpetrated upon you, on 04/13/2018.
You feel that, a use of force, is cruel and unusual punishment, and it violated the 8th
Amendment. You request the termination of the officers involved, and/or punitive and
compensatory damages.

**FINDINGS:**
Your IRR and all pertinent information/documentation have been received and reviewed.
A five man extraction team was utilized to forcibly remove you from your cell, on
04/13/2018. I find that you refused to comply with directives to allow your restraints to
be applied. This led to a use of force. The use of force was not excessive and was made
necessary by your actions. Your IRR is denied.

**Recommendation:**
No further action necessary. 132084

_J. Eddlemas CCM II_      9/28/18
Investigating Staff Signature      Date

_[signature]_      10/1/18
Functional Unit Manager      Date

_[signature]_      10-1-18
Assistant Warden      Date

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**INFORMAL RESOLUTION REQUEST**

ORIGINAL   INSTITUTION USE ONLY   ☒ EMERGENCY COMPLAINT

| OFFENDER NAME | | DOC NUMBER |
|---|---|---|
| Shawon Jones | | 1254394 |

| DATE STAFF MEMBER RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 9/12/18 | PCC 18-1025 | 7A | 2 |

**STATE YOUR COMPLAINT/PROBLEM BRIEFLY- ONE ISSUE - BE SPECIFIC**

On 4-13-18 Excessive Force was used Maliciously and Sadistically. When Five Correctional officers on a movement team were Responsible for unnecessary and wanton infliction of pain. This is cruel and unusual punishment and violates my Eigth Amendment Rights. Also Experienced Emotional Distress Note: This is the thrid time im attempting to file this IRR. Due to constant caseworkers moving in/out of 2 house my IRR has been mishandled in the past.

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

Punitive and Compensatory Damages, Temporary Restraining order, Retraining in Regards towards tactic's on Movement team and demotion from current position or be fired from MDOC.

| OFFENDER SIGNATURE | DATE |
|---|---|
| Shawon Jones | 9-7-18 |

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

Not Resloved

| ☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN | ☒ IRR NOT RESOLVED BY DISCUSSION |
|---|---|

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| Shawon Jones | 9-12-18 | J Eddlen | 9/12/18 |

**STAFF FINDINGS/RESPONSE**

| INVESTIGATING STAFF SIGNATURE 132084 | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| J Eddleman ccm II | 9/28/18 | | 10/1/18 |

| REVIEWER SIGNATURE | DATE | RESULTS | |
|---|---|---|---|
| will Dill AAW | 10-1-18 | ☐ SATISFACTORY | ☐ UNSATISFACTORY |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

931-3376 (9-17)

ORIGINAL

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER GRIEVANCE**

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| PCC-18-1025 | PCC 18-1025 | 10-19-18 |

7

| INSTITUTION USE ONLY | | | | | |
|---|---|---|---|---|---|

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Jones | Shawon | 1254397 | 2 | C | PCC |

**OFFENDER GRIEVANCE/REQUEST**

My U.S. constitutional rights were violated by an extraction team. On 4-13-18 an excessive use of force was applied. I had a busted and swollen nose that bleed uncontrollably, busted and swollen lips which were twice their regular size, had a laceration in which left ear was anatomically dismembered and other facial swellings, that lasted five days. The force applied was excessive because once I was subdued in restraints i was struck, punched, kicked and stomped in my head, back and facial area over 40 to 50 times. All which occurred while I layed on cell floor. This force was not applied "in a good faith effort to maintain or restore discipline" but instead was used "maliciously and sadistically causing harm". Therefore the extraction team is/was responsible for causing unneccessary and wanton infliction of pain. This is cruel and unusual punishment and violates my U.S. constitutional rights under the eight amendment.

| OFFENDER SIGNATURE | DATE |
|---|---|
| Shawon Jones | 10/8/18 |

**SUPERINTENDENT RESPONSE**

# Grievance
# Response
# Attached

OFFENDER COPY

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| [signature] warden | 12/17/18 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION          ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3377 (12-04)

# Potosi Correctional Center
# Grievance Response

Register #   1254397   Jones, Shawon



Grievance #   PCC-18-1025

The grievance in which you claim an inappropriate use of force was perpetrated upon you, 4-13-18 has been reviewed.   Your requested action is that staff involved be removed from duty and that you receive compensatory damages.

Upon review of pertinent information you refused to comply with numerous directives to allow application of restraints.   The force employed was that which was minimally necessary to control and maintain order and security.   Grievance Denied.

_____          12/13/18
Richard Jennings, Warden PCC                    Date
                                                                  Reviewed

OFFENDER COPY

ORIGINAL

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**OFFENDER GRIEVANCE APPEAL**

GRIEVANCE NUMBER
PCC-18-1025

DATE FILED
1-10-19

OFFENDER NAME (LAST NAME, FIRST)
Jones, S.

DOC NUMBER
1258397

INSTITUTION
PCC

**REASON FOR APPEAL**

See Attachments

OFFENDER SIGNATURE
Shawn Jones

DATE
1-7-19

**RESPONSE**

OFFENDER COPY

RECEIVED
JAN 11 2019
DIV OF ADULT INSTITUTIONS
CO GRIEVANCE UNIT

SIGNATURE

DATE

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

OFFENDER SIGNATURE

DATE

MO 931-3378 (5-03)

I (Shawon Jones #1254397) will continue to appeal this Desicion because excessive force was applied. On 4-13-18 an cell extraction (C.E.R.T team) response team was called to my cell 2B#6 led or overseen by CO II, SGt. Skaggs. I was given "one" directive per CO II, SGt. Skaggs to submit to restraints, and I refused solely because I was told to lay on the floor instead of being cuffed through the foodport. As an initial result of my refusal my cell door was opened/rolled "one-third" of way. The attack began as COI, CERT member #1 J. Kitchell began to rain over hand punches on my head and facial area. Due to this I stepped backwards into the cell, the cell door was completely opened and the CERT team immediately engulfed me in the corner of the cell and viciously pounded on my head, upper body and facial area. To no avail could I prevent the blows, so I scrambled around the cell and layed on the cell floor "were I couldn't pose as a threat to myself nor the cert team". Everything beyond this point was "Excessive Force" because it "wasn't applied in an effort to maintain or restore Discipline" but was used to "maliciously and sadistically cause harm and unnecessary and wanton infliction of pain" because I was laying on the cell floor. However with me laying on the floor the attack became even more brutal and savage due to the cert member(s) kicking, punching, stomping and doing whatever else they were doing to me. As a result of the beating I succumbed to busted and swollen lips that were twice their normal size, busted and swollen nose, a lacersion in which my left ear was anatomically dismembered and other facial swellings.

Also during this entire incident the only directive given was given "once" by CO II, SGt. Skaggs. The cert team never asked me to submit, but instead beat me into (bloody pulp) submission. Due to my injuries minimum force "was not" used and instead excessive force was in deed applied. This is cruel and unusual punishment and violates my U.S. constitutional rights protected under the eighth amendment.

I would appericate if the use of force camera was reviewed as well as any or all cameras located in 2B that has a view of cell #6 and also look into my medical file to verify injuries.

Shawon Jones                                   1-7-19

Michael L. Parson
Governor

2729 Plaza Drive
P. O. Box 236
Jefferson City, MO  65102
Telephone: 573-751-2389
Fax: 573-751-4099

Anne L. Precythe
Director

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*"Improving Lives for Safer Communities"*

## Grievance Appeal Response

February 28, 2019

Shawon Jones
Register #1254397
Potosi Correctional Center

OFFENDER COPY

RE:  PCC-18-1025
     Use of Force
     Received on January 11, 2019
     Reviewed on February 28, 2019

Your appeal dated January 7, 2019, has been reviewed. On August 1, 2018, the Use of Force Committee reviewed the use of force, which occurred on April 13, 2018, at approximately 1:26 p.m. in the Housing Unit Two B-wing, cell 06. The review included all documents, statements, video footage, descriptions of the type of force employed, a description of injuries and treatment given. The committee determined the minimal amount of force was used to control the incident. It was also determined the force was necessary to maintain good order and security. There is no evidence to support your claim of excessive force being used during the incident on April 13, 2018. Missouri Department of Corrections policy D5-3.2-Offender Grievance states, *"Consequential or punitive damages will not be provided."*  Your appeal is denied.

Jeff Norman
Deputy Division Director
Division of Adult Institutions

JN/st

OFFENDER COPY

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**INFORMAL RESOLUTION REQUEST**

INSTITUTION USE ONLY □ EMERGENCY COMPLAINT

| OFFENDER NAME | | DOC NUMBER |
|---|---|---|
| Shawor Jones | | 1254397 |

| DATE STAFF MEMBER RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 9/12/18 | PCC 18-1026 | DUE PROCESS | 2C |

**STATE YOUR COMPLAINT/PROBLEM BRIEFLY- ONE ISSUE - BE SPECIFIC**

SEE Attachments

**ACTION REQUESTED:  STATE REMEDIES YOU ARE SEEKING**

SEE attachments

| OFFENDER SIGNATURE | DATE |
|---|---|
| Shawon Jones | 9-7-18 |

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

Not Resolved

□ IRR RESOLVED BY DISCUSSION/WITHDRAWN      ☑ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| Shawon Jones | 9-12-18 | J. Geddlen | 9/12/18 |

**STAFF FINDINGS/RESPONSE**

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | | DATE |
|---|---|---|---|---|
| J. Geddlen | 9/28/18 | Nicole Harris yuu | | 10/1/18 |
| REVIEWER SIGNATURE | DATE | RESULTS | | |
| | 10-1-18 | □ SATISFACTORY   □ UNSATISFACTORY | | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

931-3376 (9-17)



# Informal Resolution Request

**OFFENDER NAME AND NUMBER:   Jones, Shawon 1254397**

**IRR LOG NUMBER:** PCC 18-1026

**HOUSING UNIT:** HU 2C-09

**CATEGORY:** 3C

**NATURE OF COMPLAINT:** You state that, on 03/13/2018, your procedural rights were violated. You were placed on Special Security Orders, based on conduct violation PCC 18-00571, that you were never found guilty of. The security orders caused you emotional and physical distress. You are requesting punitive and compensatory damages, and a demotion or termination of the staff involved.

**FINDINGS:** Your IRR and all pertinent information/documentation have been received and reviewed. You were placed on Special Security Orders due to your behavior. This decision was made, collectively, between Administrative, Custody, Classification and Mental Health Personnel. Your special security orders were constantly reviewed by Administrative (Warden) and Mental Health Contract Monitors to ensure due process and MODOC policies and procedures were not violated. Your IRR is denied.

**RECOMMENDATION:** No further actions necessary.



_____
Investigating Staff Signature

_9/28/18_
Date

_____
Functional Unit Manager

_10/1/18_
Date

_____
Assistant Warden

_10-1-18_
Date

ORIGINAL

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER GRIEVANCE**

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| PCC-18-1026 | PCC18-1026 | 10-19-18 |

**INSTITUTION USE ONLY**                    3

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Jones | Shawon | 1254397 | 2 | C | PCC |

**OFFENDER GRIEVANCE/REQUEST**

I was placed on (SSO) for over a hundred days and was never provided with some level of process. Also wasn't provided with any amount of protection (like a hearing or notice) however the Administration and custody staff, Fum.? price, Lt. price, cpl. Menteer and the warden agreed and signed off on (SSO's) which violates my procedural due process and subjected me to false imprisonment. I was subjected to treatment and/or conditions that are in atypical and significant hardship in relation to the ordinary incidents of prison life. It was said that I was solely on (SSO) because of CDV# PCC18-00841. I was disciplined without the chance to call witness testimony, have a hearing or present evidence. This was a complete disregard of my eighth amendment under the U.S. constitution, deliberate indifference. For I was not afforded the same amenities as the other confining offenders who are focused on completing their allotted ad-seg time. This punishment is based on a vague claim. Due to this my eighth, first, fifth, fourteenth and fourth amendment constitutional rights were violated.
Note: CDV# PCC18-00871 was dismissed and expunged on 8-30-18 (after I was off SSO's) and this incident occured on 8-13-18.

| OFFENDER SIGNATURE | DATE |
|---|---|
| Shawon Jones | 10/8/18 |

**SUPERINTENDENT RESPONSE**

OFFENDER COPY

Grievance
Response
Attached

| SUPERINTENDENT/SECTION HEAD | | DATE |
|---|---|---|
| [signature] warden | | 12/11/18 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION          ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | | DATE |
|---|---|---|
| | | |

MO 931-3377 (12-04)

# Potosi Correctional Center
# Grievance Response

Register #   1254397   Jones, Shawon

OFFENDER COPY

Grievance #   PCC-18-1026

The grievance in which you claim violation of procedural and institutional rights has been reviewed.
Your requested action is termination of administrative staff and monetary compensation.

This review finds your assignment to administrative segregation has been reviewed in compliance with
policy guidelines.  Application of special security orders are recommended upon collective assessment
of mental health, classification, custody and administrative staff.   You indicate you/contempt for these
actions initiated  3-13-18, however you failed to submit a complaint until 9-12-18 at which time your
right to do so had expired.   Be advised an offender who wishes to submit a complaint must to so within
15 days of the incident.          Grievance Denied.

Richard Jennings, Warden PCC

_12/11/18_
Date
Reviewed

OFFENDER COPY

ORIGINAL

## STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
## OFFENDER GRIEVANCE APPEAL

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| PCC-18-1026 | 1-10-19 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| Jones S. | 1254397 | PCC |

**REASON FOR APPEAL**

SEE Attachments

| OFFENDER SIGNATURE | DATE |
|---|---|
| Shauan Jones | 1-7-19 |

**RESPONSE**

OFFENDER COPY

RECEIVED

JAN 11 19

DIV OF ADULT INSTITUTIONS
CO GRIEVANCE UNIT

OFFENDER COPY

| SIGNATURE | DATE |
|---|---|

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|

MO 931-2278 (5-03)

Michael L. Parson
Governor

Anne L. Precythe
Director



2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*"Improving Lives for Safer Communities"*

## Grievance Appeal Response

March 1, 2019

Shawon Jones
Register #1254397
Potosi Correctional Center

RE:     PCC-18-1026
        Due Process
        Received on January 11, 2019
        Reviewed on March 1, 2019

OFFENDER COPY

Your appeal dated January 7, 2019, has been reviewed. The grievance response you received adequately addressed your complaint regarding claims the Special Security Orders issued June 21, 2018, were unjust. The Special Security Orders were issued due to your maladaptive behavior. Conduct violation records indicate you received nine conduct violations in 2018. Among the nine violations, you received two for assault, and two for threats. You failed to provide any evidence to support your complaint. Your appeal is denied.

Jeff Norman
Deputy Division Director
Division of Adult Institutions

JN/st

OFFENDER COPY

# Potosi Correctional Center
# Grievance Response


Register #    1254397    Jones, Shawon


Grievance #    PCC-18-846


The grievance in which you state that CCM J. Jones has failed to process numerous IRR complaints in a timely manner has been reviewed.    Your requested action is to pursue such complaints via the IRR process.


This review finds response provided at the IRR level of this compliant indicates two IRR level complaints PCC-18-582 and 18-677 which were not processed in a timely manner.    It is noted that both of these complaints have now been processed.    Response provided at the IRR level on 8-10-18 encouraged you to utilize the IRR process for any complaints which you believe were not processed. It is noted that in the nearly sixty days since this arrangement you have not pursued any old issues. Recent classification assignment changes provide assignment of a case manger in each wing of housing unit two which should resolve your concerns.    This should resolve your compliant.


Richard Jennings, Warden PCC

10-5-18
Date
Reviewed

OFFENDER COPY



**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER GRIEVANCE APPEAL**

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| PCC-18-846 | 11-30-18 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| Jones S. | 1254397 | PCC |

**REASON FOR APPEAL**

CCM J Jones Failed to process numerous IRR complaints in a timely manner in accordance with department of corrections IRR/grievance policy and procedure. In which case IRR's pcc18-592 and pcc18-677 were not properly handled in the allowed time frame. Also IRR's pcc18-1026 and pcc18-1025 were also mishandled by ccm Jones as well. These IRR's had to be filed late ——— took over sixty days until I was assigned a new caseworker. These were all issues that ccm Jones refused to submit or pushed/shoved off.

OFFENDER COPY

| OFFENDER SIGNATURE | DATE |
|---|---|
| Shaun Jones | 11/5/18 |

**RESPONSE**

OFFENDER COPY

OFFENDER COPY

OFFENDER COPY

RECEIVED
DEC  6 2018
DIV OF ADULT INSTITUTIONS
CO GRIEVANCE UNIT

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3378 (5-03)

**Michael L. Parson**
Governor

2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099

**Anne L. Precythe**
Director

## State of Missouri
## DEPARTMENT OF CORRECTIONS
*"Improving Lives for Safer Communities"*

### Grievance Appeal Response

February 1, 2019

Shawon Jones
Register #1254397
Potosi Correctional Center

OFFENDER COPY

RE:     PCC-18-846
        Other
        Received on December 6, 2018
        Reviewed on February 1, 2019

Your appeal dated November 5, 2018, has been reviewed. The grievance response you received adequately addressed your complaint regarding responses to Informal Resolution Request complaints you had previously filed. You are encouraged to continue with the grievance process on issues you wish to have addressed. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/st

OFFENDER COPY