UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWON JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19 CV 1186 CDP |
| | ) |
| JOHN-RILEY LAYTON, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the court on Plaintiff Shawon Jones's Motion to Compel John Riley-Layton's and Jeremiah Kitchell's Discovery Responses (ECF 80), as well as his Motion For Order That Matters Set Forth in Plaintiff's Request For Admissions Be Deemed Admitted (ECF 81). Neither defendant has responded to plaintiff's motions and their time for doing so under Local Rule 4.01(B) has passed.

In his motions, Jones explained that neither Riley-Layton nor Kitchell responded to his January 18, 2023, discovery requests within the 30 days required by Fed. R. Civ. P. 33, 34, and 36. These requests included Jones's Second Set of Interrogatories, First Request for Production of Documents, and First Request for Admissions—each separately directed to both Riley-Layton and Kitchell.

On February 27, 2023, Jones's counsel contacted defendants' counsel to discuss defendants' failure to respond to discovery; counsel agreed to an extension until March 13, 2023 for defendants to respond to Jones's Second Set of Interrogatories and his First Request for Production.  Plaintiff's counsel specifically did *not* agree to any extension on the First Request for Admissions. After no responses to any of the discovery were provided on March 13, Jones's counsel again contacted defense counsel in an attempt to obtain the needed discovery.  In that conversation Jones's counsel specifically mentioned their concerns relating to the deadlines in the Case Management Order, including the trial setting.  Defense counsel agreed to produce at least a portion of the discovery later that day.  As of the date plaintiff filed the motion to compel, however, no interrogatory answers or responses to the request for production had been made.

Fed. R. Civ. P. 37(a)(1) allows a party to move for an order compelling responses to discovery requests, including interrogatories and requests for production of documents.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the disclosure.  Jones has done so here by specifying his counsel's efforts to resolve this dispute, including the dates and times of the conferences with defendants' counsel.  By April 17, 2023 when plaintiff filed the motion, defendants had not produced documents or served responses to the interrogatories or the

requests for production.  And as of today, defendants have not responded to the motion to compel or provided any explanation to the Court for their failure.  Plaintiff has been prejudiced by defendants' failure because it impairs counsel's ability to complete discovery by the rapidly-approaching discovery deadline and it impairs counsel's ability to prepare for the trial date.

Rule 37(a)(5)(A) allows the court to order the non-compliant party to pay the reasonable costs and attorneys fees of bringing the motion to compel in this situation.  Defendants were given notice of plaintiff's request for fees by plaintiff's service of the motion, and Local Rule 4.01(b) gave defendants the opportunity to be heard by establishing a deadline for responding to the motion.  Plaintiff is entitled to the relief sought in the motion.

With regard to the Requests for Admissions, neither defendant responded within the 30 days set by Fed. R. Civ. P. 36.  During the February 27 telephone call discussed above, plaintiff's counsel did not agree to extend the deadline for responding to the Requests for Admissions, and plaintiff's counsel specifically informed defense counsel that they would seek an order from the court deeming the matters admitted.  On March 13, defendant Jerimiah Kitchell attempted to produce responses to the Requests for Admissions, but as of the date plaintiff filed his motions, defendant John Riley-Layton had made no such attempt to respond.

And, as with the other motion, neither defendant has responded to the motion to deem the matters included in the Requests for Admissions admitted.

Fed. R. Civ. P. 36 provides that "[a] matter is admitted unless, within 30 days of being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Thus, by failing to respond to Jones's First Request For Admissions by February 17, 2023, both defendants have admitted the matters contained therein. Plaintiff is entitled to the order he seeks, and the Court will deem the matters set forth in the Requests for Admissions admitted by both defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Shawon Jones's Motion to Compel John Riley-Layton's and Jeremiah Kitchell's Discovery Responses [80] is **GRANTED**. No later than **Wednesday, May 10, 2023**, Defendants John Riley-Layton and Jeremiah Kitchell must each answer fully and without objections Jones's Second Set of Interrogatories; Defendants must each produce all documents requested and serve a written response to Jones's First Request for Production. Defendants must also pay Jones's reasonable costs, including attorneys' fees, in bringing the motion to compel.

**IT IS FURTHER ORDERED** that Jones's Motion For Order That Matters Set Forth in Plaintiff's Request For Admissions Be Deemed Admitted [81] is **GRANTED**.  Each of the matters set forth in Jones's First Request For Admissions is deemed admitted by both Riley-Layton and Kitchell.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May 2023.